An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

KAMARIO MANTRELL SMITH,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64359

**FILED**

MAY 13 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is a proper person appeal from an order denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Jessie Elizabeth Walsh, Judge.

In his petition filed on July 26, 2013, appellant claimed that he received ineffective assistance of trial counsel. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004).

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-15486

First, appellant claimed that his trial counsel was ineffective for failing to request a copy of the victim's drug treatment records to impeach her testimony that she was receiving treatment. Appellant failed to demonstrate that his trial counsel's performance was deficient or that he was prejudiced. The victim testified that she was receiving treatment and admitted that she was seeking illegal prescription painkillers when the robbery occurred. Appellant failed to demonstrate that her treatment records would have been relevant, or that there was a reasonable probability of a different outcome had trial counsel obtained these records. Therefore, we conclude that the district court did not err in denying this claim.

Second, appellant claimed that his trial counsel was ineffective for using the court marshal's weapon as demonstrative evidence when questioning a police officer about the victim's description of the weapon. Appellant noted that one of the jurors had a question as to whether the weapon used had been found. Appellant failed to demonstrate that his trial counsel's performance was deficient or that he was prejudiced. It was clear from the evidence presented that the weapon used was not recovered. Trial counsel cross-examined the witness about the discrepancy in the victim's description of the weapon. Appellant failed to demonstrate that there was a reasonable probability of a different outcome had trial counsel not used the court marshal's weapon as demonstrative evidence. Therefore, we conclude that the district court did not err in denying this claim.

Third, appellant claimed that his trial counsel was ineffective for failing to file a motion to continue when his trial counsel allegedly received copies of the victim's written statement and the officer's reports days before trial. Appellant failed to demonstrate that his counsel's performance was deficient or that he was prejudiced as he failed to

demonstrate a motion to continue would have been meritorious or that there was a reasonable probability of a different outcome had the trial been continued. Therefore, we conclude that the district court did not err in denying this claim.

Fourth, appellant claimed that his trial counsel was ineffective for failing to file a motion to suppress "all" of the evidence because there was no evidence of a second person for the conspiracy charge and no weapon was found for the felon-in-possession-of-a-firearm charge. Appellant failed to demonstrate that his counsel's performance was deficient or that he was prejudiced. Appellant failed to demonstrate that such a motion would have been meritorious. Further, he failed to identify what evidence should have been suppressed. Appellant failed to demonstrate that there was a reasonable probability of a different outcome had trial counsel litigated a motion to suppress. Therefore, we conclude that the district court did not err in denying this claim. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.          _____, J.
Douglas                                Cherry

cc:  Hon. Jessie Elizabeth Walsh, District Judge
     Kamario Mantrell Smith
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk